IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LAMON AGNEW, <br> TDCJ No. 2382312, <br><br>     Petitioner, <br><br> V. <br><br> DIRECTOR, TDCJ-CID, <br><br>     Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-cv-554-X-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jason Lamon Agnew collaterally attacks, under 28 U.S.C. § 2254, his Dallas County, Texas conviction for aggravated assault with a deadly weapon. *See* Dkt. No. 3. United States District Judge Brantley Starr referred the action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 1.

The State responded to the application and first argues that it should be dismissed with prejudice as time barred. *See* Dkt. No. 11. Agnew did not file a reply.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the federal habeas petition with prejudice as barred by the applicable statute of limitations.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022)

(quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case,"

*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of

innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

The timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

On October 15, 2021, Agnew pled guilty to four counts of aggravated assault with a deadly weapon. *See State v. Agnew*, Nos. F-2152208-Q, F-2152209-Q, F-2152210-Q, F-2152211-Q (204th Jud. Dist. Ct., Dallas Cnty., Tex.) [Dkt. No. 10-1 at 5-7; Dkt. No. 10-2 at 6]. Agnew did not file a direct appeal, but he did file a state habeas application. *See In re Agnew*, No. W-2152208-Q (204th Jud. Dist. Ct., Dallas Cnty., Tex.), *denied*, No. WR-93,832-01 (Tex. Crim. App. Apr. 19, 2023) [Dkt. No. 10-1 at 13-31]. Like this petition, the state habeas application only referenced one of Agnew's convictions (No. F-2152208-Q). *See* Dkt. No. 10-1 at 13; Dkt. No. 3 at 1.

Agnew's state habeas application does not include a declaration as to when it was mailed, but the State agreed to assume for the purpose of its timeliness argument that it was mailed on the signature date – November 12, 2021. *See* Dkt. No. 11 at 3 n.2. Using this date, the state application was filed before Agnew's conviction became final on November 15, 2021. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). The application was denied without written order on April 19, 2023. *See In re Agnew*, No. WR-93,832-01 (Tex. Crim. App.).

More than a year later, Agnew filed for reconsideration, but no motion for rehearing is permitted for an order denying habeas relief, *see* TEX. R. APP. P. 79.2(d). And, even if such a motion were permitted, it would have been untimely since a motion for rehearing must be filed within 15 days. *See* TEX. R. APP. P. 79.1. Because the motion for rehearing was filed more than a year after the decision on his state habeas application and was not properly filed, it did not toll the limitations period. *See* 28 U.S.C. § 2244(d)(2); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

So the one-year limitations period for Agnew to file a federal habeas petition began to run on April 19, 2023 and expired on April 19, 2024. But the petition indicates it was not signed until December 11, 2024. *See* Dkt. No. 3 at 15. And the TDCJ mail logs indicate it was not dropped in the prison mail system until February 26, 2025. *See* Dkt. No. 11-2 at 14.

Accordingly, the Section 2254 habeas application was filed eight to ten months after the limitations period expired and should be denied as untimely under Section 2244(d)(1)(A) absent tolling of the limitations period.

Although Agnew had the opportunity to assert any reasons why the limitations period should be tolled in his reply, he did not file a reply. And the Court can find no basis for tolling on the face of Agnew's petition, which asserts only that it was timely filed. *See* Dkt. No. 3 at 13.

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

### Recommendation

The Court should dismiss Petitioner Jason Lamon Agnew's 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

- 6 -

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE